**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CYNTHIA ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-cv-04725 |
| | ) | |
| v. | ) | Cook County Case No. 21-L-7641 |
| | ) | |
| MERCY HOSPITAL & MEDICAL | ) | **JURY TRIAL DEMANDED** |
| CENTER and TRINITY HEALTH | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL**

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS:

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants Mercy Hospital & Medical Center and Trinity Health ("Defendants") hereby remove this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, on the following grounds:

1.      On July 29, 2021, Plaintiff, Cynthia Robinson, filed an eight-count Complaint against Defendants in the Circuit Court of Cook County, Illinois, wherein Plaintiff asserted claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), as amended, *et seq.* ("Title VII"), as well as claims under the Illinois Human Rights Act ("IHRA"). *Ex. A.*

2.      On August 4, 2021, Defendants accepted service of Plaintiff's Complaint and Summons. Accordingly, this notice of removal is timely pursuant to 28 U.S.C. § 1446(b)(3) because it is filed within 30 days of the date Defendants were served with summons. *Ex. B.*

3.      The above-described lawsuit is a civil action in which this Court has original jurisdiction under the provisions of 28 U.S.C § 1331 and is one which may be removed to this

Court by Defendants pursuant to the provisions of 28 U.S.C §1441 as Plaintiff has brought claims of gender and sexual orientation discrimination and retaliation under Title VII. *See* (Complaint, Counts II, IV, VI and VIII). Plaintiff's claims under Title VII are federal claims which arise under the laws of the United States. Therefore, this Court has federal question jurisdiction over this matter.

4.      Plaintiff's Complaint against Defendants also includes state law claims of gender and sexual orientation discrimination and retaliation under the IHRA for which this Court should assume pendant jurisdiction pursuant to 28 U.S.C. § 1441(c) and/or 28 U.S.C. § 1367. *See* (Complaint, Counts I, III, V and VII). Here, all of Plaintiff's claims arise from the same nucleus of facts and circumstances. The gravamen of Plaintiff's lawsuit is that Defendants discriminated against her based on her race and sexual orientation and retaliated against her for allegedly complaining of discrimination. These allegations form the basis of Plaintiff's Title VII and IHRA claims. Thus, the Court should exercise supplemental jurisdiction in this case of Plaintiff's state law claims which are intertwined with her Title VII claim.

5.      As required by 28 U.S.C § 1446(d), notice of removal will be served upon all parties of record and will be filed with the Circuit Court of Cook County, Illinois.

6.      All Defendants have joined in and consent to the removal of this action, as required by 28 U.S.C. § 1446(b)(2)(A).

7.      The United States District Court for the Northern District of Illinois, Eastern Division, is the District Court for the district encompassing Cook County, Illinois. 28 U.S.C § 93(a)(1).

8.      Pursuant to the requirements of 28 U.S.C § 1446(a), the pleadings filed in the Cook County action have been filed herewith.

WHEREFORE, Defendant, Mercy Hospital & Medical Center and Trinity Health, hereby give notice of removal of this action to the United States District Court for the Northern District of Illinois.

Dated: September 3, 2021                  Respectfully submitted,

**MERCY HOSPITAL & MEDICAL CENTER AND TRINITY HEALTH**

By:

*/s/ Kirsten A. Milton*
One of Its Attorneys

Kirsten A. Milton
Daniel T. Corbett
Jackson Lewis P.C.
150 North Michigan Avenue. Suite 2500
Chicago, IL 60601
Tel.: 312.787.4949
Fax: 312.787.4995
kirsten.milton@jacksonlewis.com
daniel.corbett@jacksonlewis.com

Firm Id: 39408

**<u>CERTIFICATE OF SERVICE</u>**

I, Kirsten A. Milton, an attorney, certify that on September 3, 2021, I caused a true and correct copy of the attached *Notice of Removal* to be served on the following counsel of record for Plaintiff by email and regular mail at the following addresses:

Thomas M. Cramer
Amy S. Cramer
Cramer Law Chicago, P.C.
180 N. LaSalle Street
Suite 3700
Chicago, Illinois 60601
tcramer@cramer-law.com
acramer@cramer-law.com

*/s/ Kirsten A. Milton*

# EXHIBIT A

**12-Person Jury**

FILED
7/29/2021 11:59 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
14234696

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| Cynthia Robinson, | ) |
| | ) |
| *Plaintiff,* | ) |
| v. | ) Case No. 2021L007641 |
| | ) |
| Mercy Hospital & Medical Center, and | ) |
| Trinity Health, | ) **JURY DEMANDED** |
| | ) |
| *Defendants.* | ) |

## COMPLAINT

Plaintiff, Cynthia Robinson, by and through undersigned Counsel, alleges the following against

Defendants, Mercy Hospital and Medical Center, and Trinity Health:

### JURISDICTION AND VENUE

1.      Pursuant to the Illinois Constitution art. VI §9, this Court has subject matter

jurisdiction over Plaintiffs' claims.

2.      This Court has jurisdiction over Defendants pursuant to 735 ILCS 5/2-209 because

they conduct business transactions in Illinois, have committed tortious acts in Illinois and have

transacted substantial business in Illinois that caused harm in Illinois. Venue is proper in Cook County;

Defendants are located and/or do business within Cook County. All of the acts complained of herein

have occurred in Chicago, Cook County.

3.      Mrs. Robinson filed a charge of discrimination with the IDHR on March 9, 2021.

(Exhibit A). She received Notices of Opt Out of the Investigative and Administrative Process, Right

to Commence and Action in Circuit Court or Other Appropriate Court of Competent Jurisdiction,

and Order of Administrative Closures  for each Defendant. (Exhibits B, C). She further perfected

FILED DATE: 7/29/2021 11:59 AM 2021L007641

her federal claims at the EEOC and received a letter of Right to Sue Against each Defendant (Exhibits D, E). This suit is timely filed.

## PARTIES

4.      Plaintiff Cynthia Robinson is a 48-year-old female who resides in Cook County, Illinois. Mrs. Robinson started working for Mercy Hospital and Medical Center, and Trinity Health via Favorite Healthcare Staffing on January 8, 2021 as a labor and delivery nurse.

5.      Defendant, Mercy Hospital & Medical Center, (hereinafter, "Mercy") is hospital operating within Cook County, within the State of Illinois.

6.      Trinity Health owned Mercy Hospital & Medical Center at the time of the events at issue in this Complaint and is named as indemnitor in this Complaint. Trinity Health sold Mercy Hospital in June 2021 to Insight Chicago. As of June 2, 2021, the facility has been renamed Insight Hospital & Medical Center.

## FACTUAL ALLEGATIONS

7.      Mrs. Robinson (female, Black, gay) began work at Mercy, owned by Trinity Health on January 8, 2021.

8.      Mrs. Robinson was hired through Favorite Healthcare Staffing, but because of the significant control it exhibited over Mrs. Robinson's day-to-day employ, Mercy is a joint and co-employer with Favorite Healthcare Staffing.

9.      Mercy determined Mrs. Robinson's daily schedule, including when she could take breaks or take a meal break, her assigned patients, the policies and procedures to follow when administering to the patients, how Mrs. Robinson would fill out paperwork on patients, and provided her with PPE and all supplies needed to do her job.

FILED DATE: 7/29/2021 11:59 AM    2021L007641

10.     Mercy employee Ms. Anita Allen, Plaintiff's supervisor, even pressured Plaintiff to fill out a form stating that she read Mercy's employee handbook and agreed to abide by its terms.

11.     Mercy is both a joint employer and a co-employer with Favorite Healthcare Staffing because of the significant control that it exhibited over Mrs. Robinson's day-to-day employ.

12.     Being a highly skilled and experienced labor and delivery nurse, Director Ms. Anita Allen (female, Hispanic, heterosexual) introduced Mrs. Robinson to the staff by saying that she may be new to the hospital, but she is not new to nursing and would be an excellent resource for other, less-experienced, nurses in clinical situations.

13.     Mrs. Robinson regularly worked with co-worker Carla Pierce, RN (female, Black, heterosexual). Mercy would assign Mrs. Robinson and Ms. Pierce cases before any other nurses.

14.     Mrs. Robinson complained about race discrimination when she asked Ms. Allen if there was a reason that she and Ms. Pierce (the only black nurses) in the unit received the first patients and first admissions.

15.     Ms. Allen stated, "Yes, that's why you're getting paid so much money."

16.     On January 15, 2021, during a tour around the labor and delivery unit, Mrs. Robinson and Ms. Allen discussed that they lived in the same area.

17.     Ms. Allen asked how Mrs. Robinson liked the area. To wit, Mrs. Robinson replied, "My wife and I have only been there for a year and a half."

18.     Ms. Allen was visibly shocked by the fact that Mrs. Robinson is a lesbian and is married to a female.

19.     Ms. Allen replied, "Oh! You have a wife! Maybe working in labor and delivery is not the right department for you."

3

FILED DATE: 7/29/2021 11:59 AM    2021L007641

20.    Mrs. Robinson took this to mean that because labor and delivery involved female genitalia, that she would be sexually aroused by her patients due to the fact that she is a lesbian, and thus should not work in labor and delivery.

21.    Mrs. Robinson complained of sexual orientation discrimination when she told Ms. Allen right then and there that her comment was totally unacceptable.

22.    Ms. Allen stated in response, "Perhaps you're right." The conversation ended and Mrs. Robinson went back to work.

23.    On January 16, 2021, Mrs. Robinson spoke with Favorite Healthcare Staffing's Lisa Murray about this egregious exchange with Ms. Allen.

24.    The next time Mrs. Robinson worked with Ms. Allen following their conversation was January 19/20, 2021.

25.    Ms. Allen's behavior was in stark contrast to how Mrs. Robinson had been treated prior to their exchange on January 15, 2021 when she found out that she was a lesbian married to another female.

26.    That shift, Ms. Allen excluded Mrs. Robinson from staff meetings and didn't speak to her or respond when she said, "Good morning."

27.    At this point, Ms. Allen had started to seek out Mrs. Robinson's replacement.

28.    Nurse Jasmine Shaw told Mrs. Robinson that her recruiter asked if she knew of someone local that would like to take on a labor and delivery assignment at Mercy. Given the fact that the labor and delivery unit was fully staffed, this was a clear indication that Ms. Allen intended to push Mrs. Robinson out on account of her sexual orientation, and for complaining of race discrimination when she complained that the only black RNs got the first patients/assignments of the day.

4

FILED DATE: 7/29/2021 11:59 AM 2021L007641

29.     On the morning of January 21, 2021, Ms. Shaw had a headache. Mrs. Robinson suggested she eat something to feel better. Ms. Shaw asked her to come with, despite the fact that Mrs. Robinson didn't like to eat until around 9:00am.

30.     Charge Nurse Karen Mannos (Mrs. Robinson's supervisor) suggested that Mrs. Robinson go right then to the cafeteria because if she waited until 9:00am, "nothing good would be left."

31.     When Ms. Shaw and Mrs. Robinson returned from the cafeteria 15-20 minutes later, Ms. Allen spoke to Mrs. Robinson in a very loud and dismissive tone, demanding, "Can I speak with you?"

32.     When Mrs. Robinson spoke to her, Ms. Allen stated that she would prefer Mrs. Robinson to not get breakfast before huddle. Mrs. Robinson said "Okay, no problem" and suggested that Ms. Allen also tell Ms. Shaw. Next, Ms. Allen announced at the nurses' station that no nurse was to get breakfast before huddle.

33.     At 2pm that day, Ms. Allen had Mrs. Robinson sign some papers, including a statement that she had read the employee handbook.

34.     Mrs. Robinson signed under duress because she was afraid for her job at that point. This further shows that Respondents held out Complainant as their employee.

35.     Around 3pm, Ms. Allen came to the nurses' station to get some food that someone had donated. Mrs. Robinson, wanting to be friendly, suggested she try the chicken; Ms. Allen ignored her and then walked by, smirked, and said under her breath, "Uh-huh. I got you."

36.     Later, Mrs. Robinson overheard Ms. Mannos talking on the work phone saying her name.

37.     Ms. Mannos told the person on the other line that Mrs. Robinson was there and did that individual want to speak with her. Ms. Mannos never gave Mrs. Robinson the phone.

5

FILED DATE: 7/29/2021 11:59 AM   2021L007641

38.     Later, Mrs. Robinson found out that she had been terminated for "refusing to attend huddle" and "questioning the staff."

39.     Of particular note, Ms. Shaw has not been terminated for "refusing to attend huddle" or "questioning the staff."

40.     Mrs. Robinson was terminated because she complained of race discrimination, and made her sexual orientation known.

## CLAIMS FOR RELIEF

### I.     Retaliation – (Termination) January 21, 2021 due to Complaining About Race in Violation of the Illinois Human Rights Act

41.     Plaintiff re-alleges Paragraphs 1-40 and incorporates them as though fully set forth herein as Paragraph 41.

42.     Mrs. Robinson was terminated because she complained about race discrimination when she questioned why the only two black nurses were getting the first cases and assignments.

43.     At all times, Mrs. Robinson met the legitimate expectations of her employer.

44.     Other individuals who did not complain of race discrimination were treated more favorably, including Nurse Jasmine Shaw.

45.     The reasons given for Mrs. Robinson's termination were false and pretextual for retaliation.

46.     Mrs. Robinson has suffered and continues to suffer damages.

### II.     Retaliation – (Termination) January 21, 2021 due to Complaining About Race in Violation of Title VII of the Civil Rights Act of 1964

47.     Plaintiff re-alleges Paragraphs 1-46 and incorporates them as though fully set forth herein as Paragraph 47.

6

FILED DATE: 7/29/2021 11:59 AM    2021L007641

III.    **Retaliation – (Termination) January 21, 2021 Due to Complaining about Sexual Orientation Discrimination in Violation of the Illinois Human Rights Act**

48.    Plaintiff re-alleges Paragraphs 1-40 and incorporates them as though fully set forth herein as Paragraph 48.

49.    Mrs. Robinson was terminated because she complained of sexual orientation discrimination when she told her supervisor that her comment about labor and delivery not being the right place for. Her based on her sexual orientation (gay) was totally inappropriate and unacceptable.

50.    At all times, Mrs. Robinson met the legitimate expectations of her employer.

51.    Other individuals who did not complain of sexual orientation discrimination were treated more favorably, including Nurse Jasmine Shaw.

52.    The reasons given for Mrs. Robinson's termination were false and pretextual for retaliation.

53.    Mrs. Robinson has suffered and continues to suffer damages.


IV.    **Retaliation – (Termination) January 21, 2021 Due to Complaining About Sexual Orientation Discrimination in Violation of the Title VII of the Civil Rights Act of 1964**

54.    Plaintiff re-alleges Paragraphs 1-40 and 48-53 and incorporates them as though fully set forth herein as Paragraph 54.


V.    **Race Discrimination (Termination) January 21, 2021 Due to Race (Black) in Violation of the Illinois Human Rights Act**

55.    Plaintiffs incorporate Paragraphs 1-40 as if fully set forth herein.

56.    Mrs. Robinson was terminated because of her race (black).

57.    At all times, Mrs. Robinson met the legitimate expectations of her employer.

58.    Other individuals who were not black were treated more favorably.

7

FILED DATE: 7/29/2021 11:59 AM   2021L007641

59.     The reasons given for Mrs. Robinson's termination are false and pretextual for race discrimination.

60.     Mrs. Robinson has suffered and continues to suffer damages.

## VI.    Race Discrimination (Termination) January 21, 2021 Due to Race (Black) in Violation of Title VII of the Civil Rights Act of 1964

61.     Plaintiffs incorporate Paragraphs 1-40 and 55-60 as if fully set forth herein.

## VII.   Sexual Orientation Discrimination (Termination) January 21, 2021 in Violation of the Illinois Human Rights Act

62.     Plaintiffs incorporate Paragraphs 1-40 as if fully set forth herein.

63.     Mrs. Robinson is a gay female in a same-sex marriage.

64.     At all times, Mrs. Robinson met the legitimate expectations of her employer.

65.     Other individuals who were not gay were treated more favorably, including Nurse Jasmine Shaw.

66.     Mrs. Robinson was terminated because she is a gay female in a same-sex marriage.

67.     Mrs. Robinson has suffered and continues to suffer damages.

## VIII.  Sexual Orientation Discrimination (Termination) January 21, 2021 in Violation of Title VII of the Civil Rights Act of 1964

68.     Plaintiffs incorporate Paragraphs 1-40 and 62-67 as if fully set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court provide the following equitable and monetary relief to the extent permissible under applicable law:

a.   Enter judgment in Plaintiff's favor and against the Defendants;

8

FILED DATE: 7/29/2021 11:59 AM  2021L007641

    b.   Award compensatory damages including back pay, lost wages, future pecuniary losses, emotional pain, suffering inconvenience, mental anguish, other pecuniary losses;

    c.   Award reasonable attorney's fees, expert witness fees, expenses and Plaintiff's costs;

    d.   Grant such other and further relief as may be just and proper.

Respectfully submitted,

**Cynthia Robinson,**

Date:  July 29, 2021

By: _/s/ Amy S. Cramer_
One of Plaintiffs' Attorneys

Thomas M. Cramer (ARDC No. 6322468)
Amy S. Cramer (ARDC No. 6308140)
Cramer Law Chicago, P.C.
180 N. LaSalle Street
Suite 3700
Chicago, Illinois 60601
312-924-0219

9

# EXHIBIT B

## ACKNOWLEDGMENT OF RECEIPT OF
## SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above-captioned matter sent to M. Meghan Kieffer Loyola University Medical Center 2160 S. First Avenue Maywood, IL 60153.

M. Meghan Kieffer

Associate Counsel, Trinity Health
Relationship to Entity/Authority to Receive Service of
Process
(Not Applicable if you are the named Defendant or Respondent)

Signature

DATE 8-4-2021